# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

LEE AND MARY LINDA EDWARDS                                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO. 4:09cv35-HTW-LRA

GUIDEONE MUTUAL INSURANCE COMPANY                                              DEFENDANT

## ORDER

This insurance dispute is before this court on defendant GuideOne Mutual Insurance Company's Motion for Summary Judgment or, in the alternative, Motion to Stay Proceedings and Compel Appraisal **[docket # 12]**. Also before the court is a subsequent motion for summary judgment also filed by GuideOne Mutual Insurance Company **[docket # 65]**. Defendant submits both motions pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Having fully considered the parties' submissions and the applicable law, this court grants defendant's alternative motion to compel appraisal and denies defendant's subsequent motion for summary judgment which asks the court to hold that GuideOne had complied with all dictates of the insurance policy in question.

## I. Relevant Facts

On August 30, 2007, plaintiffs', Lee and Mary Linda Edwards' ("the Edwards"), home was destroyed by fire after it was struck by lightning. The Edwards had a homeowner's insurance policy with defendant GuideOne Mutual Insurance Company

---

[1] Fed. R. Civ. P. 56 provides, in pertinent part: "(b) [a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

("GuideOne"). On October 1, 2007, GuideOne declared the Edwards' home a total loss and paid them the $135,000 homeowners policy limits. GuideOne also insured the Edwards' personal property for up to $101,250. After reviewing the Edwards' personal property loss itemization worksheets ("worksheets"), GuideOne calculated the Edwards' loss at $42,553.45 and issued them a payment in accordance with said calculation. The Edwards dispute GudeOne's calculation of their claims and contend that they are entitled to additional monies.

Plaintiffs argue that defendant's valuation of their property was improper because defendant assessed plaintiffs' lost contents at actual cash value, at the time of the fire, instead of valuing the contents at the amount it would cost to replace them. According to plaintiffs, this method of valuation amounted to nothing more than a garage sale pricing of their items. They further contend that this method of reimbursement was a direct contradiction to the terms of their GuideOne homeowner's policy, which was supposed to allow them to receive the replacement value of their lost contents.

Additionally, plaintiffs contend that under applicable Mississippi law, they are not required to repurchase their lost items prior to the insurance company paying their claim when the insureds have a valid reimbursement policy. Plaintiffs contend that they do not have the money to pre-purchase the items and then wait for defendant to decide if they will or will not approve the item cost. According to plaintiffs, this was the reason they purchased the insurance policy in the first place, to avoid being placed in the uncomfortable position of needing assistance and not being able to receive it.

Defendant disagrees with plaintiffs' position and contends that summary

judgment is proper against plaintiffs' bad faith claim because plaintiffs' allegations are nothing more than a disagreement over the value of their lost contents. Defendant claims that its $42,553.45 lost contents payment to plaintiffs was a fair valuation of the items plaintiffs lost in the fire. GuideOne says it arrived at this figure by adding the actual cash value of the items minus depreciation.

Defendant contends that if plaintiffs have a problem with how their items were valued, plaintiffs should have followed the proper procedure and submitted a written request to the company and then selected a neutral appraiser to do an independent evaluation of the claims. Defendant emphasized that it is not denying plaintiffs' reimbursement claim; rather, it is reserving reimbursement payment until the plaintiffs actually replace or repurchase the items.

The express language of the policy, says defendant, manifests that completion of the bargained-for appraisal process is a condition precedent that must be satisfied before plaintiffs can maintain a successful cause of action against GuideOne. According to the defendant, plaintiffs were aware of this provision; however, instead of submitting the dispute to any agreed-upon appraisers, plaintiffs filed a premature lawsuit. Defendant thus asks this court to stay these proceedings and compel the plaintiffs to participate in the appraisal process.

## II. **Procedural History**

Plaintiffs filed this present lawsuit against defendant on March 12, 2009, in the Circuit Court of Lauderdale County, Mississippi, alleging breach of contract, breach of duty of good faith and fair dealing, fraud and misrepresentation, intentional infliction of emotional distress and tortious breach of contract. This action was removed to this

court on March 18, 2009. Defendant filed this motion for summary judgement or, alternatively, motion to stay proceedings and compel appraisal on June 1, 2009. The following motions are also outstanding: 1) motion to exclude the testimony of Thomas J. MacDermott **[docket # 62]**; 2) motion in limine to exclude evidence regarding financial conditions **[docket # 87]**; 3) motion in limine to exclude evidence regarding other claims or litigation **[docket # 88]**; 4) motion in limine for exclusion of evidence regarding value of items **[docket # 89]**; 5) motion in limine concerning investigation into cause of fire **[docket # 90]**; 5) motion in limine concerning extra contractual damages **[docket # 91]**; and 6) motion in limine relative to debris removal **[docket # 92]**.

### III. Summary Judgment Standard

The court should grant GuideOne's motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [GuideOne] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). In determining whether a genuine dispute exists as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The court makes all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated

assertions, or 'only a scintilla of evidence.'" *Turner,* 476 F.3d at 343 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

## IV. **Appraisal Clause**

The insurance policy in this case contains an appraisal clause. That appraisal clause recites as follows:

> "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:
> 1) Pay its own appraiser; and 2) Bear the other expenses of the appraisal and umpire equality."

As evident, this clause provides that in the event the parties disagree over the valuation of items, both parties agree to submit the items to independent appraisers and abide by the independent appraisers' decision. Defendant says summary judgement is proper because plaintiffs have failed to abide by this appraisal clause.

On February 23, 2009, GuideOne invoked its right under the appraisal clause of the insurance contract. Plaintiffs fully acknowledge receipt of defendant's request for appraisal as contemplated in the insurance contract. Plaintiffs did not undertake any activity in response to defendant's invocation of the appraisal clause; instead they commenced this lawsuit against defendant on March 12, 2009.

5

Plaintiffs argue that they should not have to abide by the appraisal clause because they should not be required to go out and spend money that they do not have, to hire an appraiser who, ultimately, will be unable to value everyday items such as toothbrushes or paper clips that plaintiffs lost in the fire. They accuse defendant of engaging in stall tactics since plaintiffs first made the claim.

The clause, taken on its face, is a standard provision widely used in the insurance business which binds the insurer as well as the insured to the findings of the appraisers. *Boler-Phillips Body Shop v. Employers Mutual Casualty Company,* No. 3:06-cv-129HTW-JCS (U.S. Dist. Miss. Mar. 5, 2007) *aff'd,* 251 Fed. Appx. 912 (5th Cir. 2007).

This court is not persuaded that the appraisal clause is abusive or arbitrary. Nor is this court persuaded to nullify this one provision of the insurance policy on a finding of unconscionability where the court has made no similar finding as to the whole of the contract of insurance.

On March 10, 2010, this court first heard the parties on the issues herein. After the hearing, troubled by plaintiffs' assertion that certain deposition evidence showed that even a competent appraiser could not perform the necessary tasks, the court then directed the defendant to submit an independent appraiser to this court for the court to determine the scope of the appraiser's ability. The defendant did so and on March 31, 2010, this court conducted an on-the-record inquiry. The witness was William Coggin, Jr., an independent appraiser out of Louisiana.

Having the benefit of that examination, this court is satisfied, at this stage, that a competent appraiser is capable of addressing the appraisal of household goods and

personal property.

## V. Conclusion

Accordingly, this court hereby orders the plaintiffs to submit to appraisal as required in the subject policy of insurance. This procedure is to be undertaken within two (2) weeks, with the parties submitting a proposed schedule naming appraisers and for holding a final resolution. Defendant's motion to compel appraisal, thus, is granted. Defendant's motion for a stay in the interim is also granted. As earlier stated, defendant's subsequent motion for summary judgment seeking to confirm its proper handling of the policy proceeds in question is denied. This is a jury issue. The outstanding motions in limine have been addressed in a separate order.

**SO ORDERED AND ADJUDGED, this the 6th day of April, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

CIVIL ACTION NO. 4:09cv35-HTW-LRA
Order