**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

LEE AND MARY LINDA EDWARDS                    PLAINTIFFS

VS.                         CIVIL ACTION NO. 4:09cv35-HTW-LRA

GUIDEONE MUTUAL INSURANCE COMPANY            DEFENDANTS

<u>**ORDER ON MOTIONS IN LIMINE**</u>

This insurance dispute is before this court on the following motions by defendant

GuideOne Mutual Insurance Company's (GuideOne): 1) motion to exclude the

testimony of Thomas J. MacDermott **[docket # 62]**; 2) motion in limine to exclude

evidence regarding financial conditions **[docket # 87]**; 3) motion in limine to exclude

evidence regarding other claims or litigation **[docket # 88]**; 4) motion in limine for

exclusion of evidence regarding value of items **[docket # 89]**; 5) motion in limine

concerning investigation into cause of fire **[docket # 90]**; 5) motion in limine concerning

extra contractual damages **[docket # 91]**; and 6) motion in limine relative to debris

removal **[docket # 92]**.

**I. <u>Relevant Facts</u>**

On August 30, 2007, plaintiffs', Lee and Mary Linda Edwards ("the Edwards"),

home was destroyed by fire after it was struck by lightening. The Edwards had a

homeowner's insurance policy with defendant GuideOne. On October 1, 2007,

GuideOne declared the Edwards' home a total loss and paid them their $135,000

homeowners policy limits. GuideOne also insured the Edwards' personal property for

up to $101,250. After reviewing the Edwards' personal property loss itemization

worksheets ("worksheets"), GuideOne calculated the Edwards' loss at $42,553.45 and

issued them a payment in accordance with said calculation.  The Edwards dispute
GuideOne's calculation of their claims and contend that they are entitled to additional
monies.

## II.  Motion to Exclude the Testimony of MacDermott

GuideOne asks this court to exclude the purported expert testimony of Thomas
J. MacDermott in its entirety.  GuideOne argues that the witness is not qualified to
render expert testimony and that his testimony would merely confuse the jury.  The
plaintiffs oppose the motion.

This court is not persuaded to exclude MacDermott as an expert witness.  The
court has reviewed excerpts from the witness' deposition and finds, at this stage, that
the witness seemingly has pertinent information.  Relative to the matters about which
the witness either qualified or recanted earlier opinions, GuideOne may explore these
areas on cross-examination.  Accordingly, this court denies this motion in limine.

## III.  Exclusion of Testimony Regarding Defendant's Financial Condition

GuideOne asks this court to exclude all testimony regarding evidence of its
financial condition.  Plaintiffs concede the fact that evidence of defendant's financial
condition is properly reserved until the second phase of the subject trial.  GuideOne's
motion, at this stage, is granted.

## IV.  Exclusion of Evidence Regarding Other Claims or Litigation

GuideOne asks this court to exclude all testimony regarding other claims or
litigation In which GuideOne is involved.  Defendant makes this motion pursuant to
Federal Rules of Evidence 401, 402, 403, 404, 405 and 406 on the basis that evidence

regarding conduct in other cases or situations should be excluded, as such evidence would be irrelevant and would unfairly prejudice the jury. The court grants the motion.

Plaintiffs concede this motion and will not introduce any proof of other claims or litigation, unless the door is somehow opened by the defendant.

**V.     Exclusion of Evidence Regarding the Value of any Items Claimed Within the Personal Properly Inventory of the Edwards**

GuideOne asks this court to exclude all testimony regarding the value of any items claimed within the personal property inventory of the plaintiffs. Defendant makes this motion pursuant to Federal Rules of Evidence 401, 402, and 403 on the basis that such evidence is irrelevant and would unfairly prejudice the jury.

Defendant contends that evidence regarding the valuation of the Edwards' personal property is irrelevant because plaintiffs' GuideOne policy specifically states that in cases involving a loss more than $500, GuideOne will not pay more than the actual cash value of the items until the actual repair or replacement is completed. Further, defendant contends that plaintiffs have not offered any competent testimony, expert or otherwise that GuideOne improperly valued plaintiffs' personal property. Defendant contends that before plaintiffs can take issue with GuideOne's valuation of their property, they have to produce some evidence that it was valued incorrectly.

Plaintiffs counter defendant's argument by saying that defendant's valuation of plaintiffs' property goes to the heart of this dispute and that defendant's valuation of plaintiffs' property is not unilaterally dispositive. Plaintiffs believe it is absolutely essential to their case to be able to introduce evidence regarding defendant's valuation of their property.

This court is persuaded by plaintiffs' argument. The motion in limine is denied.

**VI.    Exclusion of Testimony Concerning the Investigation into the Cause of the Fire**

GuideOne asks this court to exclude all testimony regarding its investigation into the fire that caused plaintiffs' home to be destroyed. Defendant makes this motion pursuant to Federal Rules of Evidence 401, 402, and 403 on the basis that such evidence is irrelevant and would unfairly prejudice the jury.

GuideOne contends that the investigation into the fire only lasted a month and upon its conclusion, plaintiffs were paid the full limits of their policy. GuideOne contends that its investigation into the fire was consistent with its company's policy regarding claims investigation and was not an attempt to delay disbursement of plaintiffs' claim. Defendant contends that any mention of the investigation surrounding the fire is irrelevant because the investigation was proper, resulted in a full payout to plaintiffs and does not concern any of the plaintiffs' present claims.

Plaintiffs contend that testimony regarding defendant's investigation into the cause of the fire is relevant because defendant's knew from the beginning that lightening was the cause of the fire at plaintiffs' home. Plaintiffs contend that defendant's investigation into the fire was merely some sort of stall tactic to find a way to avoid paying plaintiffs' claim.

The issue in the present dispute is not whether plaintiffs have coverage for the loss of their home; on the contrary, it is undisputed that defendant paid plaintiffs the policy limits for the loss of their home. The present dispute concerns plaintiffs' lost contents and this court does not see how defendant's investigation into plaintiffs' claim

regarding the cause of the fire investigation is relevant to that issue. Accordingly, defendant's motion in limine regarding defendant's investigation into the cause of the fire is granted.

### VII. Exclusion of Evidence Regarding the Edwards' Physical, Mental or other Extra Contractual Damages

GuideOne asks this court to exclude all testimony regarding plaintiffs' physical, mental or other extra contractual damages. Defendant makes this motion pursuant to Federal Rules of Evidence 401, 402, and 403 on the basis that such evidence is irrelevant and would unfairly prejudice the jury. They also contend that evidence regarding plaintiffs' extra contractual damages should be bifurcated from the first phase of the trial pursuant to Mississippi Code Annotated 11-1-65 .

Plaintiffs disagree with defendant's position on the grounds that this speaks directly to their bad faith claim against defendant. They contend that as a result of defendant's alleged bad faith, they have suffered both physical and mental distress. They contend that information regarding this distress is best addressed in the first stage of the trial because they timely pleaded their claim for emotional distress in their complaint and information about the damages plaintiffs suffered will not confuse, prejudice or mislead the jury.

In *Remel v. State Farm Fire and Cas. Co.,* 2009 WL 531862 at *2 (S.D. Miss. 2009), the Court said "there are potentially three phases of the trial, with the first considering the underlying contractual/ coverage and negligence claims. The second and third phases are reserved for consideration of punitive and extra-contractual damages, citing *Broussard v. State Farm Fire and Casualty Co.,* 523 F.3d 618 (5th Cir.

2008). [...] "Depending on the outcome of the first phase, it follows that the non-contractual damages potentially do not come into play until after the first phase. Thus, the only issue to be tried in phase one is the coverage claim." *Id.*

Thus, it appears that defendant is correct and that any mention of plaintiffs' emotional, physical or extra-contractual damages should be mentioned only during the second phase of this dispute, after the court has determined coverage. Any mention of these damages beforehand might unfairly serve to prejudice and confuse the jury. The court grants the motion in limine.

### VIII. Exclusion of Testimony Concerning Debris Removal

GuideOne asks this court to exclude all testimony regarding the removal of the debris from the fire at plaintiffs' home. Specifically, defendant asks this court to exclude any testimony related to whether defendant should have provided the Edwards with a "list" of "debris removal contractors." Defendant makes this motion pursuant to Federal Rules of Evidence 401, 402, and 403 on the basis that any references to the debris removal would be irrelevant and would unfairly prejudice the jury.

Defendant contends that such reference is immaterial because defendant paid plaintiff the policy limits of $6,500 for debris removal. Further, defendant contends they were never under a contractual obligation to provide plaintiffs with a list of potential debris removal contractors.

Plaintiffs say that defendant's failure to provide them with a list of debris removal personnel is another example of defendant's bad faith in handling plaintiffs' claim. Plaintiffs contend defendant should have provided them with a list of approved debris

removers so that plaintiffs could find a contractor who would remove the debris within plaintiffs' $6,500 policy limit. According to plaintiffs, due to the lack of assistance from defendant, they only received price quotes that ranged from $11,000-$18,000. As this was well outside their policy range, plaintiffs removed a large portion of the debris themselves before finally hiring a contractor to remove the final remnants.

Information regarding the debris removal does not appear to be relevant to plaintiffs' present claim. Plaintiffs' present dispute concerns discrepancies in defendant's valuation of plaintiffs' property; accordingly, testimony regarding the debris removal appears to be irrelevant. GuideOne's motion to exclude is granted.

## IX.   CONCLUSION

The court grants defendant's motion in limine regarding evidence of defendant's financial condition; other litigation with which defendant is involved; evidence regarding plaintiffs' mental or physical emotional distress; evidence of defendant's investigation into the cause of the fire; and evidence of debris removal. The court denies defendant's motion in limine regarding defendant's valuation of plaintiffs' personal property and its motion to exclude the expert witness, Thomas J. MacDermott.

SO ORDERED, this the 6th day of April, 2010.

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**


Civil Action No. 4:09-cv-35 HTW-LRA
Order on Motions in Limine